IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| L.L.,<br>  *by and through next friend*<br>  *Edwin Lemus*<br><br>    Plaintiff,<br><br>    v.<br><br>BALTIMORE CITY POLICE<br>  DEPARTMENT, *et al.*<br><br>    Defendants. | CIVIL NO.: WDQ-12-3025 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

L.L. sued the Baltimore City Police Department (the "Department") and others[1] for police brutality claims. Pending is the Department's motion to dismiss. For the following reasons, the motion will be granted.

I. Background[2]

On August 12, 2011, L.L. was "accosted" by a plain clothes police officer.[3] ECF No. 2 ¶¶ 10, 11. Without identifying himself, the officer dragged L.L. to the ground by his shirt.

---

[1] They are Officers Kevin D. Watford, David L. Thompson, Steven L. Evans, Major William S. Davis, and Sergeant Thomas W. Schaeffer (collectively the "Officers").

[2] For the motion to dismiss, for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

[3] The complaint does not identify this officer.

*Id.* ¶ 11. The officer radioed for assistance, and soon Watford, Thompson, Davis, Evans, and Schaeffer were present. *Id.* ¶ 12. L.L. was handcuffed and forced to lie on his stomach for 15 minutes. *Id.* ¶¶ 13, 15. The officers berated L.L. and twice hit him. *Id.* ¶ 14. When L.L. was permitted to be in a sitting position, he remained handcuffed for 20 minutes, "causing pain and discomfort in both his arms and shoulders."[4] *Id.* ¶ 15. Although the first officer accused L.L. of distributing narcotics, no drugs were found nor was L.L. charged with a crime. *Id.* ¶¶ 16-18.

On August 9, 2012, L.L. filed suit in the Circuit Court for Baltimore City, Maryland, asserting claims of (1) assault and battery (against the Officers), (2) false arrest (Officers), (3) false imprisonment (Officers), (4) violation of Article 26 of the Maryland Declaration of Rights,[5] (5) respondeat superior (Department), (6) excessive use of force under 42 U.S.C. § 1983 (Officers), (7) excessive use of force under 42 U.S.C. § 1983 (Department), (8) negligent retention, hiring, and training

---

[4] Although L.L. claims that he suffered "physical injury, emotional injury, mental injury, embarrassment, permanent injury, and permanent and continuing symptoms" from this incident, he alleges only this conclusionary description and not any specific injury. *See, e.g.*, ECF No. 2 ¶ 25.

[5] Paragraph 36 erroneously states that the claim arises under Article 24; the heading and ¶ 37 state Article 26. Although the claim does not name the defendants, context suggests that it is against the Officers.

(Department). ECF No. 2. On October 9, 2012, the Officers answered. ECF No. 3. On October 11, 2012, the Department removed to this Court. ECF No. 1.

On October 18, 2012, the Department moved to dismiss all the claims against it. ECF No. 9. On November 1, 2012, L.L. responded, ECF No. 10, and on November 16, 2012, the Department replied, ECF No. 11.

II. Analysis

    A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. The Department's Motion

The Department seeks dismissal of the claims against it asserting that (1) L.L. has not plausibly pled a § 1983 claim against it under *Monell v. Dep't of Social Services*,[6] and (2) the state law claims are barred by sovereign immunity.

1. Section 1983 Claim

The Department asserts that L.L. has not plausibly alleged a custom under *Monell* for it to be liable for the officers'

---

[6] 436 U.S. 658 (1978)

4

actions. ECF No. 9-1 at 6-7. L.L. alleges that he has. ECF No. 10.

Governmental entities are not liable for § 1983 claims under respondeat superior. *See Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

L.L. asserts two reasons why the Department should be liable under *Monell*. First, he contends that "[t]he number of police officers involved in the Plaintiff's assault indicates that the incident . . . was more than a single incident of misconduct." ECF No. 10 at 5 (internal quotation marks omitted). Despite L.L.'s contention that his arrest was more than a single incident, the only plausible reading of the complaint is that a group of officers participated in a single incident. Although the involvement of multiple officers may in some instances show custom, such a case generally requires particularly outrageous conduct and the presence of numerous officers.[7] The only acts of violence alleged by L.L. are being

---

[7] *See McElroy v. City of Lowell*, 741 F. Supp. 2d 349, 354 (D. Mass. 2010); cf. *Bordanaro v. McLeod*, 871 F.2d 1151, 1153-54 (1st Cir. 1989) (numerous police officers--including the entire night watch from one town--armed with pistols, mace, nightsticks, clubs, bats, tire-irons, and a fire axe, beat persons who had been involved in a bar fight with one of the

dragged to the ground by his shirt, being handcuffed for 35 minutes, and being hit twice, none of which caused an injury serious enough for L.L. to describe in the complaint. *See generally*, ECF No. 2. This far from the outrageous and egregious conduct in *Bordanaro*, *Kibbe*, and *Webster*, where custom and policy may be inferred from a single incident. *See McElroy*, 741 F. Supp. 2d at 354-55.

L.L. also attempts to show custom by describing a 2011 *Baltimore Sun* article that stated the Department spent over $10 million in the previous three years defending against lawsuits. ECF No. 10 at 6. Regardless of the truth of this article and its applicability to this case, the complaint has no allegations about these facts, and consideration of the article is outside the scope of a motion to dismiss. *See Brockington*, 637 F.3d at 505. Further, L.L.'s bare allegations that the Department failed to properly train the officers whose actions were an implementation of Department custom are conclusionary and insufficient to state a claim. *See Iqbal*, 556 U.S. at 678; *Reid v. Munyan*, Civil No. WMN-12-1345, 2012 Wl 4324908, at *4 (D. Md. Sept. 18, 2012).

---

officers, killing one victim); *Kibbe v. City of Springfield*, 777 F.2d 801, 802-03 (1st Cir. 1985) (three officers fired at victim, one inflicting a fatal wound, and none of ten officers present informed medical personnel that shots had been fired or the victim had been shot); *Webster v. City of Houston*, 689 F.2d 1220, 1222-24 (4th Cir. 1982) (nearly twenty officers conspired to cover up shooting death of 17-year-old boy).

The Department requests that the § 1983 claim be dismissed with prejudice because L.L. has failed to state a claim. ECF No. 9-1 at 10. L.L. requests a dismissal without prejudice in the event that discovery reveals sufficient information to bring a § 1983 claim against the Department.

Dismissal with prejudice is proper only if there is no set of facts the plaintiff could present to support his claim. *See, e.g., Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Although L.L. has not alleged facts sufficient to state a claim under *Monell*, there is no indication that it would be impossible for him to do so. Accordingly, this claim will be dismissed without prejudice.

2. State Law Claims

The Department asserts that as a state agency, it is immune to L.L.'s state law claims. ECF No. 9-1 at 13. L.L appears to concede this.[8]

The Department is a state agency under Maryland law and enjoys the state's sovereign immunity. *See Lee v. O'Malley*, 533 F. Supp. 2d 548, 554 (D. Md. 2007); *Mayor & City Council of Balt. v. Clark*, 944 A.2d 1122, 1128-29 (Md. 2008). The Maryland courts have exhaustively examined the Department's sovereign

---

[8] "While it may be true, as the Defendant contends, that the BPD is immune from state claim based upon sovereign immunity, the Defendant is not immune from federal claims under 42 U.S.C. § 1983." ECF No. 10 at 4. L.L. has not presented any argument about the waiver of sovereign immunity.

7

immunity and concluded that it is not subject to suit--directly or under respondeat superior--for any state torts.[9] *See, e.g., Balt. Pol. Dep't v. Cherkes*, 780 A.2d 422-36 (Md. Ct. Spec. App. 2001). Accordingly, the state law claims against the Department will be dismissed with prejudice.

III. Conclusion

For the reasons stated above, the Department's motion will be granted.

_____ 4/30/13
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[9] The Department, however, is responsible for paying certain judgments awarded against its officers. *Cherkes*, 780 A.2d at 436; see Md. Code Ann., Cts. & Jud. Proc. § 5-303(b).